IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER TEMPLE, | § § § | CIVIL ACTION |
| Plaintiff | § § § | NO. _____ |
| VS. | § § | |
| TEXAS A&M UNIVERSITY | § § § | JURY TRIAL DEMANDED |
| Defendant | § § § § | |

## PLAINTIFF JENNIFER TEMPLE'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, JENNIFER TEMPLE, and brings this Original Complaint and Jury Demand against Defendant, TEXAS A&M UNIVERSITY and would respectfully show unto the Court the following:

### I.
### PARTIES

1. Plaintiff, Jennifer Temple, is an individual who is a citizen of the United States, domiciled in the country of Trinidad. Plaintiff currently resides in Travis County, Texas.

2. Defendant, Texas A&M University ("TAMU"), is an institution of higher education pursuant to Section 61.003 of the Texas Education Code. TAMU may be served with process through its Interim President, Dr. R. Bowen Loftin, Office of the President, 1246 TAMU, Texas A&M University, College Station, TX 77843-1246.

## II.
## JURISDICTION

3. The United States District Court has jurisdiction over this action under 28 U.S.C. Section 1331, in that this lawsuit is brought pursuant to the Constitution and laws of the United States of America, including the 14th Amendment to the Constitution of the United States, Section 1, and 42 U.S.C. 1983, as hereinafter more fully appears.

## III.
## VENUE

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 (b) because Defendant TAMU resides in this District and is subject to service of process in this District.

## IV.
## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## V.
## JURY DEMAND

6. Plaintiff demands trial by jury on all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.
## FACTS

7. Plaintiff, Jennifer Temple, moved to Texas from Trinidad in the fall of 2007, to enroll as a freshman at TAMU. With the advice and guidance of an academic advisor, Plaintiff enrolled in several difficult classes, including Calculus and Computer Programming.

8. The challenging curriculum was rendered almost impossible by the inability of the Professor and the Teachers' Assistants ("TAs"), who also taught the classes, to speak English. Plaintiff attempted to complete the classes successfully, despite the substantial learning barrier caused by the inability of the Professors and TAs to communicate effectively to the students. However, by late October of 2007, it became apparent that a favorable outcome was unlikely.

9. Accordingly, Plaintiff determined that the best decision would be to exercise a "Q- drop"[1] in both the Calculus and Computer Programming courses. This action would allow Plaintiff to withdraw from the courses, without receiving the penalty of a failing grade.

10. Plaintiff met with Sofie Fuentes, a TAMU advisor on or about November 2, 2007. Despite Ms. Fuentes' lack of knowledge regarding Plaintiff's circumstances, she warned Plaintiff that exercising a Q-drop would jeopardize Plaintiff's ability to maintain health insurance coverage under her parents' insurance policy. Ms. Fuentes advised Plaintiff to remain enrolled in the classes, let her grades in the courses fall to D's or F's, and take advantage of the First Year Grade Exclusion Policy.[2]

11. Having no reason to doubt Ms. Fuentes's guidance, Plaintiff quit attending classes, as advised, so that she would be eligible to exercise the Grade Exclusion Policy.

---

[1] A "Q-Drop" is a procedure offered by TAMU through which a TAMU student may, during the first 50 days of classes in a regular summer or spring semester, drop a course without the penalty of a failing grade. The course appears on the student's transcript with the designation of "Q" rather than a letter grade; the hours are not included in the calculation of the student's GPR. *See* TEXAS A&M UNIVERSITY STUDENT RULE 1.16, http://student-rules.tamu.edu (2009).

[2] A currently enrolled Texas A&M undergraduate student may elect to exclude from his/her undergraduate degree and cumulative GPR calculation grades of D, F, or U. All courses chosen for first year grade exclusion remain on the official transcript and designated on the transcript as excluded. TEXAS A&M RULE 10.10.1.

Because of the faulty advice from Ms. Fuentes, Plaintiff was then awarded two F's and one D.

12. Ms. Fuentes advised Plaintiff not to Q-drop, without any attempt to determine whether the insurance related concerns applied to Plaintiff's situation. In fact, the Q-drop would have had no impact on Plaintiff's insurance. Furthermore, Ms. Fuentes failed to explain to Plaintiff that the grade exclusion policy would not be recognized outside of the A&M system.

13. Plaintiff has now decided to pursue a course of study that is not offered by TAMU and has sought admission at the University of Texas ("UT"). However, Plaintiff has been denied admission to UT because of the detrimental effect of the two F's and one D on her Grade Performance Ratio (GPR).

14. This denial of admission to UT is directly attributable to the improper advice given by TAMU advisor Sofia Fuentes and its subsequent effect on Plaintiff's GPR. Had her advisor permitted her to Q-drop the classes, Plaintiff's GPR would not include the Calculus or Computer Science Courses.

15. Plaintiff has sought resolution of this matter from several avenues within the TAMU system, including the filing of a formal grade change request with TAMU on or about March 3, 2009. Despite her repeated requests that the grades be changed from "excluded" grades to Q-dropped grades, so that she may receive admission to another university, TAMU officials have refused to remedy this situation.

## VII.
## PLAINTIFF'S CAUSES OF ACTION

16. Plaintiff brings claims against TAMU under 42 U.S.C. § 1983, for violating her Fourteenth Amendment liberty and property interest in receiving an education, as well as her Due Process rights to adequate notice and hearing procedures.

### Count 1: Denial of Liberty Interests

17. Paragraphs 1 through 16 are incorporated herein for all purposes.

18. The right to acquire knowledge is a fundamental liberty interest. *See, Meyer v. Nebraska*, 262 U.S. 390 (1923). Fundamental liberty interests are given the strongest constitutional protection. *Id.*

19. Through its undergraduate advisor, TAMU presented "grade exclusion" as the appropriate and most viable method of withdrawing from a class, with the smallest potential repercussions to a student. At no time did TAMU advise Plaintiff that her ability to transfer to another university could be prevented by the exclusion.

20. The TAMU advisor's misrepresentation and faulty advice has prevented Plaintiff from seeking admission to another institution, and has ultimately deprived Plaintiff of her ability to pursue the education that she desires. The deprivation of Plaintiff's right to acquire knowledge, without justification or due process of law, is a violation of 42 U.S.C. § 1983 and the Constitution of the United States.

### Count 2: Violation of Right to Due Process

21. Paragraphs 1 through 19 are incorporated herein for all purposes.

22. TAMU violated Plaintiff's Fourteenth Amendment rights to be free from deprivation of liberty and property interests, without due process of law, when it refused to consider Plaintiff's requested grade appeal.

23. Plaintiff submitted a formal request to TAMU explaining her situation, as well as the misleading advice that she was given. TAMU has denied Plaintiff's request, without providing a hearing or other grade-review process, in direct violation of Plaintiff's due process rights.

24. The failure to provide Plaintiff with adequate advice regarding her education, and failure to conduct a grade review, with adequate process, has prevented Plaintiff from pursuing her education elsewhere and deprived her of her constitutionally protected right to obtain knowledge.

25. Texas A&M University is a publicly funded institution of higher education of the State of Texas and was acting under the color of state law when it deprived Plaintiff of her Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983 and the United States Constitution.

## VIII.
## DAMAGES

26. TAMU's wrongful conduct resulted in injury to Plaintiff. As the proximate result of TAMU's wrongful actions, Plaintiff has suffered pecuniary loss, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

## IX.
## ATTORNEYS' FEES

27.     It was necessary for Plaintiff to secure the service of the undersigned attorneys to represent her interest in this action. Therefore, Plaintiff is entitled to recover attorneys' fees from TAMU pursuant to 42 U.S.C. § 1988.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jennifer Temple, requests that upon final hearing, she have and take judgment against Texas A&M University for the following:

(1) actual damages;

(2) a change of grades from "excluded" to "Q-drop";

(3) prejudgment and post-judgment interest at the maximum rate allowable by law;

(4) attorneys fees;

(5) costs of court or litigation expenses incurred in this cause;

(6) such other and further relief, both at law and in equity, to which Plaintiff may justly show herself entitled.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000

*Original pleading bearing original signature maintained in the offices of West, Webb, Allbritton & Gentry, P.C.*


By: _____/Gaines West_____
GAINES WEST
ATTORNEY IN CHARGE
Texas State Bar No. 21197500
Southern District No.: 5327
E-mail: gaines.west@westwebblaw.com

ATTORNEYS FOR PLAINTIFF JENNIFER TEMPLE